**Local Option—Place of Sale.**

Where appellant was the agent of the purchaser and charged a commission for buying and bringing the whisky out of a non-local option county into a local option county, and by the terms of the contract the whisky became the property of the purchaser in the non-local option county, the conviction for a violation of the local option law could not be sustained. Brooks, Judge, dissenting.

Appeal from the County Court of Jones. Tried below, before Hon. Jno. B. Thomas.

Appeal from a conviction of a violation of the local option law; penalty $50 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment fixed at a fine of $50 and twenty days confinement in the county jail: hence this appeal.

We gather from the statement of facts that appellant was engaged in running a hack from Turner's saloon, in Haskell County, to Stamford, in Jones County. Local option was in effect in the latter place, but not in the former. The hack he used was hired from the owner of the saloon: the consideration being that appellant should haul all goods coming for Turner from Stamford to his saloon,—the two places being situated about a mile and a half from each other. It seems the principal occupation of appellant was in taking orders for whisky from parties at Stamford, going to Turner's saloon in Haskell County, purchasing the same and bringing it back to the persons ordering at Stamford. He charged 10 cents for bringing all orders of the value of over 25 cents; and for bringing an order for 25 cents his charge was 5 cents. He is shown to have had no interest in Turner's saloon, and Turner had no interest in his business. As to the whisky in question, it is shown that J. B. Brown, who resided in Stamford, about the 8th of July, went to defendant, Owens, and gave him an order for a pint of whisky. The order was to Turner's saloon in Haskell County. He gave him 60 cents to pay for the same, and in about two hours appellant brought him the pint of whisky, and gave it to him at his place of business in the town of Stamford, Jones County. The order for the whisky was signed by Brown, and was directed to Mr. White, bartender at W. B. Turner's saloon, Lakeview, Haskell County, Texas,—being as follows: "Sir: You will send me by Mr. Owens, one pint of whisky. In making this purchase I hereby create the said W. J. Owens my agent, to buy for me said liquor; and agree that the sale thereof shall be made at said W. B. Turner's saloon in Haskell County, at Lakeview; and in case of damage, by breakage or otherwise in transit, after it has left the saloon, the loss shall be mine, and that said liquor shall be my property after it leaves said saloon in Haskell County." The only question presented is, does this transaction constitute a sale of said liquor at Stamford, in Jones County? We hold that it does not. Appellant was the agent of the purchaser, and the fact that he charged for executing the commission and bringing the whisky back from Turner's saloon in Haskell County, did not change the transaction, so as to constitute it a sale at the latter place. By the terms of the contract, the property vested in Brown, the purchaser, at Turner's saloon. Appellant was his agent for the purpose of buying the same and bringing it to him. Because the facts do not support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE.—I dissent.